PEOPLE *v.* COLLINS

CRIMINAL LAW—BAIL—CAPIAS—IMPROPER CONFINEMENT.

>  Failure of jail record to reflect a docket entry showing the removal of a *capias* previously issued for defendant's failure to appear at the trial of a charge unrelated to the one being appealed, which resulted in the defendant's continued incarceration until the time of trial on the charge now on appeal, did not result in a miscarriage of justice where defendant was represented by counsel throughout the entire trial court proceeding and the record reveals that defendant was credited with all time served in jail prior to the imposition of sentence and that not even after the *capias* had been removed did defendant seek his release on bond.

Appeal from Recorder's Court of Detroit, Daniel VanAntwerp, J. Submitted Division 1 January 12, 1971, at Grand Rapids. (Docket No. 9683.) Decided February 25, 1971.

Harold S. Collins was convicted of entering without breaking. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

REFERENCE FOR POINTS IN HEADNOTE
8 Am Jur 2d, Bail and Recognizance § 5.

*George G. Matish (Dorean M. Koenig,* of counsel), for defendant on appeal.

Before: R. B. Burns, P. J., and Fitzgerald and Holbrook, JJ.

Per Curiam. On September 15, 1969, defendant was arraigned on a charge of breaking and entering a business place contrary to MCLA 1970 Cum Supp § 750.110 (Stat Ann 1970 Cum Supp § 28.305). At that time he was incarcerated in the Wayne County Jail in lieu of a $2,000 bond. Trial counsel was appointed to assist the defendant and on September 22, 1969, preliminary examination was waived and bond was reduced to $1,000 and two sureties. After approximately one month's incarceration the defendant, through his counsel, filed a motion for reduction of bond, October 28, 1969. The motion was denied and on that same day a *capias* was issued against the defendant by a different judge for his failure to appear at trial on another charge.

Defendant and his codefendant were tried by a jury and found guilty of the lesser included offense of entering without breaking, contrary to MCLA § 750.111 (Stat Ann 1970 Cum Supp § 28.306). On March 24, 1970, the defendant was sentenced to a term of four to five years imprisonment. Claim of appeal has been filed on behalf of the defendant, where it is requested that this Court set aside the conviction and discharge the defendant on the grounds that he was illegally detained in the Wayne County Jail on another charge. The people have filed a motion to affirm the conviction and sentence.

After defendant had been incarcerated in the Wayne County Jail for a period of approximately

six weeks, unable to post bond in the amount of $1,000 and two sureties, a *capias* was issued for his failure to appear for trial upon another unrelated charge. The *capias* was removed on December 9, 1969. However, the jail record failed to reflect this docket entry showing the removal of the *capias.*

Defendant contends that due to the failure of the jail record to reflect the docket entry showing the removal of the previously issued *capias,* the defendant remained incarcerated in the Wayne County Jail up until the time he was tried on the breaking and entering charge. For this reason it is contended that the present conviction should be set aside and the defendant discharged. The only issue on appeal which may be relevant to this conviction is that the failure of the defendant to obtain his release prior to the commencement of trial deprived him of the opportunity to work effectively to defend himself.

It should be noted that throughout the entire trial court proceeding, the defendant was represented by counsel. The trial court record does not suggest, nor does the defendant contend that he attempted to seek his release on bond after the *capias* had been removed December 9, 1969. The trial court record does reveal that the defendant was credited with all time served in the Wayne County Jail prior to the imposition of sentence.

We have examined the trial court record which fails to reveal a miscarriage of justice.

The motion to affirm is granted.